# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MYKEY TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 8:12-cv-02841-JFM |
| ) | |
| CPR TOOLS, INC. and LOGICUBE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT LOGICUBE, INC.'S
## REPLY MEMORANDUM IN SUPPORT OF MOTION TO
## TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

ARNOLD & PORTER LLP

Giselle Fuentes (#18209)
giselle.fuentes@aporter.com
Nicholas J. Nowak (pro hac vice)
nicholas.nowak@aporter.com
555 Twelfth Street, NW
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 942-5999

Michael A. Berta (pro hac vice)
michael.berta@aporter.com
10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400

*Attorneys for Defendant Logicube, Inc.*

Dated: March 25, 2013

I.      **INTRODUCTION**

Defendant Logicube, Inc. ("Logicube") hereby submits the following reply to plaintiff MyKey Technology, Inc.'s ("MyKey") opposition to Logicube's Motion to Transfer Venue to the Central District of California ("Opposition"). (D.I. 116.)

In essence, MyKey is asking the Court to deny Logicube's motion to transfer this case—and ignore the inconvenience of potential non-party witnesses and Logicube's witnesses—based upon the convenience of one person, Mr. Bress. A consideration of the facts underlying this case, however, demonstrates it should be transferred to the Central District of California. It is undisputed that:

- All of Logicube's operations and employees are located in California.

- MyKey is run out of the two home offices of each of its principals, one living and working out of Gaithersburg, Maryland (Steven Bress), and the other living and working out of Folsom, California (Mark Menz).

- There are a number of potential third party witnesses, all of whom appear to be located in California and within the subpoena power of the Central District of California.

- In contrast, MyKey has previously stated that it has no reason to believe that any non-party witnesses will have an important role in this case. In fact, the only third party identified by MyKey is MyKey's Virginia-based attorney who prosecuted the application underlying one of the three patents-in-suit and MyKey does not even state whether it will seek discovery from this individual much less call him to testify at trial.

- Logicube has 29 employees, all located in California, at least several of whom will likely be deposed in this case or asked to participate at trial on behalf of Logicube.

- With the sole exception of Steven Bress, MyKey's Maryland-based principal, MyKey has identified no party witnesses who will be inconvenienced by a trial in the Central District of California.

Under these circumstances, the Court should transfer this case to the Central District of California.

1

## II. THIS COURT SHOULD TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

### 1. MyKey's Second Choice of Forum Is Entitled to No Weight

MyKey contends that its choice of Maryland should be accorded "substantial weight," contending that it chose to transfer from Delaware to Maryland in light of the Federal Circuit's *In re Link_A_Media* decision. (Opposition at 5, 7.) The Court has already thoroughly considered and rejected this argument. (*MyKey v. ICS*, 8:12-cv-02719-JFM, D.I. 31 at 2 (finding MyKey's argument on this point unpersuasive and its choice of venue entitled to little weight in light of the fact that it first sued in Delaware).)

As this Court already noted in *MyKey v. ICS*, MyKey's choice of venue is not entitled to significant weight in light of the fact that MyKey first sued Logicube in the District of Delaware. *See id.; see also Cronos Containers, Ltd. v. Amazon Lines, Ltd.,* 121 F. Supp. 2d 461, 465 (D. Md. 2000). Moreover, this Court concluded that there was little substance to MyKey's contention that it transferred this case from Delaware to Maryland because of the *Link_A_Media* decision. Indeed, this Court noted that despite the Federal Circuit's pronouncements in *Link_A_Media*, the judge in Delaware to whom this action had originally been assigned had previously ruled on two occasions that *Link_A_Media* was of limited precedential value where other factors weigh in favor of plaintiff's choice of Delaware as the appropriate forum. (*MyKey v. ICS*, 8:12-cv-02719-JFM, D.I. 31 at 2.)

MyKey further argues that transfer to California is inappropriate here, in part because the events giving rise to this litigation occurred in Maryland. More specifically, MyKey contends that Maryland is the proper venue for this action because Logicube "offered to sell" its products there and it is where any alleged financial harm to MyKey is most direct. (Opposition at 6, 7.) But in patent infringement actions as a general rule, the preferred forum is that which is the

2

center of gravity of the accused activity.  *See Tse v. Apple Computer Inc*., Civ. L-05-2149, 2006 WL 2583608, at *3 (D. Md. Aug. 31, 2006).  In finding that center of gravity, a district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.  *See id.*  None of the design or production of Logicube's allegedly infringing products occurred in Maryland.  California is the "hub of activity" in this case.  *See id*.; s*ee also Ord Structure Innovations, LLC v. Oracle Corp.*, 11-c-3307, 2011 WL 4435667, at *6 (N.D. Ill. September 22, 2011).

      Furthermore, Logicube does not offer products for direct sale to U.S. customers through its website but instead provides contact information only for Eastern and Western regional sales teams.  As a result, Logicube can hardly be accused of offering to sell its products specifically to or targeting customers in Maryland.  *See Carefirst of Maryland v. Carefirst Pregnancy Ctrs.*, 334 F. 3d 390, 401 (4th Cir. 2003) (holding that the mere operation of an interactive website is not sufficient to support the conclusion that a defendant has "purposely availed" itself of the privilege of engaging in activity in Maryland; "something more" is required); s*ee also Ricoh Co., Ltd. v. Honeywell, Inc*., 817 F. Supp. 473 at 486 n. 26 (4th Cir. 2003) ("[L]imited sales of an infringing product within a forum are not particularly significant in determining the locus of culpable conduct in a patent infringement case.")

      **3.**     **All of the identified third party witnesses are located in California**

      The most important factor in passing on a motion to transfer under Section 1404(a) of Title 28 of the United States Code is the convenience of witnesses, most particularly nonparty witnesses, who are important to the resolution of the case.  *See* 8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3851 (3d ed. 2008); *see also Cronos, supra,* at 466.

3

As noted in ICS's briefing in support of its motion to transfer, ICS has identified at least five (5) prior employees that have knowledge concerning the features and release dates of prior art ICS products that ICS contends will alone, or in combination with other references, invalidate the patents-in-suit. (*MyKey v. ICS*, 8:12-cv-02719-JFM; D.I. 24 at 10-11.) Because these witnesses have important information concerning relevant prior art, these witnesses will be as material to Logicube's case as they will be to ICS. (*Id.*) Moreover, ICS is itself a third party to the Logicube case. As a result, ICS's current employees (in addition to the five former employees identified by ICS) will have additional access to information concerning the features of ICS's prior art products that are material to Logicube's case. Those witnesses are, again, all located in California. (*Id.* at 6-7.)

In contrast to these specific third party witnesses identified by Logicube, MyKey identifies a single individual, Brian Ledell, a resident of Virginia, who prosecuted the patent application for one of the three patents-in-suit. (Opposition at 9.) MyKey is, however, critically silent on the question of whether it intends to call Mr. Ledell as a witness or even seek discovery from him. (*Id.*)

### 4. The inconvenience of litigating in Maryland is much greater for Logicube than that of litigating in California for MyKey.

Next, MyKey claims that, because MyKey is a two-person company with limited resources, forcing Mr. Bress to travel to California for trial will substantially inconvenience MyKey. (Opposition at 9.) This argument has no merit.

As an initial matter, MyKey has two principals, Mr. Menz in California and Mr. Bress in Maryland, and it is likely that both of them will be testifying at, or at least attending, trial. As a result, if trial is in Maryland, Mr. Menz will have to travel there. If trial is in California, Mr.

Bress will have to travel there. Therefore, the burden for MyKey on this point is the same no matter where trial is held.

Moreover, MyKey completely loses sight of the fact that Maryland is its second choice of forum. MyKey clearly felt it was capable of managing the burden of having both its principals travel to Delaware when it thought that that venue was more advantageous to it.

It should also be noted that this is not a case in which the defendant is a huge multinational corporation. This is a dispute between two small companies. Forcing Logicube to go to trial in Maryland, where it has no ties, would be hugely disruptive to a company with 29 employees.

In addition, as set forth in Logicube's opening papers, Logicube has been in business for over 20 years and maintains a significant number of documents. (D.I. 113 at 7-8.) MyKey argues that "it is highly likely that Logicube's documents and electronically stored information will be searched through electronic means, and that documents responsive to discovery will be produced in electronic format . . . ." (Opposition at 10). This argument fails because "electronic discovery does not render the parties' private interests in having ease of access to sources of proof superfluous, and thus this factor must still be considered. On a motion to transfer venue in an action for patent infringement, the geographic location of physical evidence must be taken into account." *Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, 6:08cv0286, 2009 WL 781134, at *5 (E.D. Tex. Mar. 23, 2009). Here, because the documents concerning the accused products are located in California, this factor weighs in favor of transfer.

     **5.    The Interests of Justice Weigh In Favor of Transfer.**

Incredibly, MyKey contends that granting Logicube's motion to transfer would encourage forum shopping. (Opposition at 14.) It was MyKey that filed this case in Delaware

5

only to seek transfer to Maryland a year later. Indeed, Logicube's stated preference was for transfer from Delaware to the Central District of California. (*See* D.I. 80 at 5.) But that preference lost traction when ICS's motion to transfer was made moot when the Delaware court granted ICS's motion to dismiss.

MyKey also contends that because there are more open patent cases before the Central District of California than there are before the District of Maryland, transferring this case may overwhelm the Central District of California enough to delay its resolution. (Opposition at 14.) This is unsupported conjecture. It is undisputed that cases in the Central District of California go from filing to trial approximately 7-10 months faster than in the District of Maryland. (D.I. 113 at 8-9.)

Finally, MyKey contends that transferring its case against Logicube would only shift judicial burdens to Central District of California because CPR Tools, Logicube's co-defendant here, is not seeking transfer. As previously noted, ICS has been transferred to the Central District of California. As a result, if Logicube's case is also transferred, it will likely be combined with ICS for purposes of discovery in order to conserve resources.

Finally, MyKey should not be heard to complain about inefficient litigation when it has already shown an appetite for litigating the patents-in-suit in multiple jurisdictions. In fact, MyKey filed other cases in the District of Delaware (*see* Case No. 1:11-cv-00444-LDD) as well as the ITC (*see* ITC Inv. No. 337-TA-799) against a number of defendants for infringement of the same patents that are at issue here.

## VI. CONCLUSION.

For all of the reasons stated herein, Logicube respectfully requests the Court transfer this action to the Central District of California.

Dated: March 25, 2013      By:   */s/ Giselle Fuentes*

ARNOLD & PORTER LLP

Giselle Fuentes (#18209)
giselle.fuentes@aporter.com

Michael A. Berta (pro hac vice)     Nicholas J. Nowak (pro hac vice)
michael.berta@aporter.com     nicholas.nowak@aporter.com
10th Floor     555 Twelfth Street, NW
Three Embarcadero Center     Washington, D.C. 20004-1206
San Francisco, CA 94111-4024     Tel: (202) 942-5000
Tel: (415) 471-3100     Fax: (202) 942-5999
Fax: (415) 471-3400

*Attorneys for Defendant
Logicube, Inc*