Michael Berta (SBN 194650)
Michael.Berta@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3306
Facsimile: (415) 471-3400

Brian Martinez (SBN 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Defendant
Logicube Inc.

FILED
2013 AUG 16 PM 12:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKEY TECHNOLOGY INC.,<br>Plaintiff,<br>v.<br>CPR TOOLS, INC., AND LOGICUBE INC.,<br>Defendant. | Case No.: 2:13-cv-02302-MMM-SH<br>**DEFENDANT LOGICUBE INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF MYKEY TECHNOLOGY INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br>JURY TRIAL DEMANDED |

Defendant, Logicube, Inc., ("Logicube") by and through the undersigned counsel hereby answers the Second Amended Complaint ("SAC") filed by MyKey Technology, Inc. ("MyKey"). All allegations, averments, statements, and assertions that are not expressly admitted herein are denied.

## THE PARTIES

1. Logicube is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the SAC and, therefore, denies the same.

2. Logicube admits the allegations of Paragraph 2 of the SAC.

## JURISDICTION AND VENUE

3. Logicube admits that this action arises under the Patent Laws of the United States and admits that this Court has subject matter jurisdiction.

4. Logicube admits that venue is proper in this district.

## BACKGROUND

5. Logicube is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the SAC and, therefore, denies the same.

6. Logicube admits that the '682 patent is entitled "Write Protection for Computer Long-Term Memory Devices," and that the patent issued on November 2, 2004 and that a purported copy of the patent is attached to the SAC as Exhibit A. Except as expressly admitted, Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 6 and, therefore, denies the same.

7. Logicube admits that the '086 patent is entitled "Systems and Methods for Creating Exact Copies of Computer Long-Term Storage Devices," and that the patent issued on January 2, 2007 and that a purported copy of the patent is attached to the SAC as Exhibit B. Except as expressly admitted, Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 7 and, therefore, denies the same.

8. Logicube admits that the '379 patent is entitled "Systems and Methods For Removing Data Stored On Long-Term Memory Devices," and that the patent issued on June 5, 2007 and that a purported copy of the patent is attached to the SAC as Exhibit C. Except as expressly admitted, Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 8 and, therefore, denies the same.

**COUNT I**

**INFRINGEMENT OF THE '682 PATENT**

9. No response is required to Paragraph 9 of the SAC.

10. Logicube denies the allegations in Paragraph 10 of the SAC.

11. Logicube denies the allegations in Paragraph 11 of the SAC.

12. Logicube denies the allegations in Paragraph 12 of the SAC.

13. Logicube denies the allegations in Paragraph 13 of the SAC.

14. Logicube denies the allegations in Paragraph 14 of the SAC.

15. Logicube denies the allegations in Paragraph 15 of the SAC.

16. Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 16 of the SAC, and therefore denies the same. Logicube denies the remaining allegations in Paragraph 16 of the SAC.

**COUNT II**

**INFRINGEMENT OF THE '086 PATENT**

17. No response is required to Paragraph 17 of the SAC.

18. Logicube denies the allegations in Paragraph 18 of the SAC.

19. Logicube denies the allegations in Paragraph 19 of the SAC.

20. Logicube denies the allegations in Paragraph 20 of the SAC.

21. Logicube denies the allegations in Paragraph 21 of the SAC.

22. Logicube denies the allegations in Paragraph 22 of the SAC.

23. Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 23 of the SAC, and therefore denies the same. Logicube denies the remaining allegations in Paragraph 23 of the SAC.

**COUNT III**

**INFRINGEMENT OF THE '379 PATENT**

24. No response is required to Paragraph 24 of the SAC.

25. Logicube denies the allegations in Paragraph 25 of the SAC.

26. Logicube denies the allegations in Paragraph 26 of the SAC.

27. Logicube denies the allegations in Paragraph 27 of the SAC.

28. Logicube denies the allegations in Paragraph 28 of the SAC.

29. Logicube denies the allegations in Paragraph 29 of the SAC.

30. Logicube is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 30 of the SAC, and therefore denies the same. Logicube denies the remaining allegations in Paragraph 30 of the SAC.

**PRAYER FOR RELIEF**

Logicube denies that Plaintiff is entitled to any of the requested relief and denies any factual allegations in the Plaintiff's prayer for relief. To the extent there are any remaining allegations, Logicube is without knowledge or information sufficient to admit or deny and therefore it denies the same.

**AFFIRMATIVE DEFENSES**

Logicube alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Logicube specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE: INVALIDITY OF THE '682 Patent**

The claims of the '682 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, and 112.

**SECOND AFFIRMATIVE DEFENSE: INVALIDITY OF THE '086 Patent**

The claims of the '086 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE: INVALIDITY OF THE '379 Patent**

The claims of the '379 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE: EQUITABLE DEFENSES**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, implied license, waiver, acquiescence, unclean hands and/or other equitable defenses.

**FIFTH AFFIRMATIVE DEFENSE: BAR TO DAMAGES**

Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and because it has failed to provide notice or otherwise meet the requirements of 35 U.S.C. § 287 (marking).

**SIXTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to plead the allegations with sufficient particularity.

**SEVENTH AFFIRMATIVE DEFENSE: NO INJUNCTIVE RELIEF**

Plaintiff is not entitled to any injunctive relief because any alleged injury is not immediate or irreparable, and there is an adequate remedy (if a remedy is required) at law.

**EIGHTH AFFIRMATIVE DEFENSE: NO INFRINGEMENT**

Logicube has not infringed (either individually or jointly), contributed to the infringement of, or induced the infringement of any valid claim of the '682, '086, or '379 Patents.

**NINTH AFFIRMATIVE DEFENSE**

By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the application that led to issuance of the '682, '086, or '379 Patents, these patents are so limited that none of their claims can be properly construed as covering any activity of Logicube.

**TENTH AFFIRMATIVE DEFENSE**

As Logicube sells products to the U.S. Federal Government, and one of those products is referenced in the SAC, pursuant to 28 U.S.C. § 1498(a) MyKey's remedy shall be by action against the United States in the United States Court of Federal Claims such that the appropriate forum for the allegations in the SAC is the Federal Court of Claims.

**OTHER DEFENSES RESERVED**

Logicube reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, counterclaimant Logicube ("Counterclaimant") asserts and alleges the following Counterclaims against counterdefendant MyKey Technology, Inc. ( "Counterdefendant"):

**PARTIES**

1. Counterclaimant is a California corporation with its principal place of business located at 19755 Nordhoff Place, Chatsworth, CA 91311.

2. Upon information and belief, Counterdefendant is a Delaware corporation with its principal place of business in Gaithersburg, Maryland.

**JURISDICTION AND VENUE**

3. Subject to Counterclaimant's affirmative defenses and denials, Counterclaimant alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over Counterdefendant.

**FACTUAL BACKGROUND**

5. In its Complaint, Plaintiff asserts that Logicube has infringed the '682, '086, and '379 Patents. Logicube denies Plaintiff's allegations of infringement and further denies that the '682, '086, and '379 Patents are valid and enforceable against it. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '682, '086, and '379 Patents.

**COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '682 PATENT**

6. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

7. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '682 Patent is infringed by Logicube.

8. Logicube seeks a judicial declaration finding that it has not infringed and does not infringe, directly or indirectly, any claim of the '682 Patent.

**COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '086 PATENT**

9. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

10. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '086 Patent is infringed by Logicube.

11. Logicube seeks a judicial declaration finding that it has not infringed and does not infringe, directly or indirectly, any claim of the '086 Patent.

**COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '379 PATENT**

12. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

13. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '379 Patent is infringed by Logicube.

14. Logicube seeks a judicial declaration finding that it has not infringed and does not infringe, directly or indirectly, any claim of the '379 Patent.

**COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '682 PATENT**

15. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

16. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '682 Patent is invalid.

17. Logicube seeks a judicial declaration finding that the '682 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

**COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '086 PATENT**

18. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

19. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '086 Patent is invalid.

20. Logicube seeks a judicial declaration finding that the '086 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

**COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '379 PATENT**

21. Logicube restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

22. An actual case or controversy exists between, on the one hand, Logicube and, on the other hand, Plaintiff as to whether or not the '379 Patent is invalid.

23. Logicube seeks a judicial declaration finding that the '379 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Logicube prays for judgment as follows:

1. A judgment in favor of Logicube denying all relief Plaintiff has requested in its SAC in this action and dismissing Plaintiff's SAC for patent infringement with prejudice;

2. A judgment in favor of Logicube on all of its Counterclaims;

3. A declaration that Logicube has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '682, '086, and '379 Patents;

4. A declaration that the '682, '086, and '379 Patents are invalid and unenforceable for failure to meet the conditions of patentability and/or otherwise

comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112;

5. Judgment denying any preliminary or permanent injunctive relief in favor of Plaintiff and against Logicube;

6. Judgment that Plaintiff shall not be entitled to any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post judgment interest from Logicube;

7. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Logicube of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

8. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure Counterclaimant demands a jury trial of all issues triable to a jury in this action.

Dated: August 16, 2013

ARNOLD & PORTER LLP

By: */s/ Brian Martinez*
Brian Martinez
Attorneys for Defendant
Logicube Inc.

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 44th Flr., Los Angeles, CA 90017.

2. On August 16, 2013, I served the following document(s):

**DEFENDANT LOGICUBE INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF MYKEY TECHNOLOGY INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

I served the document(s) on the following person(s):

Robert E. Freitas
rfreitas@ftklaw.com
Qudus B. Olaniran
qolaniran@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

3. The documents were served by the following means:

☑ **By Electronic Service (E-mail).**

The transmission of the document was reported as complete and without error by electronic receipt of a delivery confirmation. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: August 16, 2013

Signature: [signature]

Type or Print Name: Donna Johnson